# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

CHEROKEE R. WALKINGSTICK,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 10-CV-713-FHM

## OPINION AND ORDER

Plaintiff, Cherokee R. Walkingstick, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's June 30, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held March 8, 2010. By decision dated April 7, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 17, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 20 years old on the date of alleged onset and 22 at the time the ALJ's decision was issued. She has a General Equivalency Diploma and has no past relevant work . She claims to have been unable to work for a closed period of time from June 1, 2008 through December 31, 2009, as a result of seizure disorder.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity to occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk at least 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; all with normal breaks; and avoid hazards such as unprotected heights and open machinery. [Dkt. 10-2, p. 15]. Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff argues that the ALJ failed to perform a proper determination at steps 2 and 3 of the evaluative sequence and failed to perform a proper credibility evaluation.

## Analysis

The Listing of Impairments (Listings), 20 C.F.R. Pt. 404, Subpt. P, App.1, describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. It is well established that it is Plaintiff's burden to show that her impairment is equivalent to a Listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). It is also well established that *all* of the specified medical criteria must be matched to meet a Listing. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988).

Plaintiff argues that the ALJ's decision should be reversed because the ALJ evaluated her seizure disorder under the Listings that pertain to epilepsy, Listings 11.02 and 11.03, rather than under the Listing 12.07 which pertains to mental disorders. Plaintiff asserts that analysis under Listing 12.07 was required because testing demonstrated her seizures were non epileptiform and were stress-induced pseudoseizures, which is a mental impairment. Plaintiff also argues that, in any case, the evidence supports a disability finding under Listings 11.02 and 11.03.

The evidence does not support a disability finding under Listings 11.02 and 11.03. The regulations provide that to meet these Listings the medical record must demonstrate that "the impairment persists despite the fact that the individual is following prescribed

antiepileptic treatment." 20 C.F.R. Pt. 404, Subpt. P, App.1, §11.00 A. The relevant regulation also states that adherence to prescribed therapy can ordinarily be determined from objective clinical findings in the report of the physician providing treatment for epilepsy and that the evaluation must include consideration of the serum drug levels. *Id.* The ALJ cited Social Security Ruling 87-6, "The Role of Prescribed Treatment in the Evaluation of Epilepsy" which provides in relevant part that: "[i]n every instance, the record of anticonvulsant blood levels is required before a claim can be allowed." 1987 WL 109184, *2. There is no merit to Plaintiff's assertion that the Commissioner waived this requirement.

Plaintiff asserts that she had "excellent compliance" with her medication. [Dkt. 12, p. 3]. On August 21, 2008, Dr. Wade completed a form where he stated Plaintiff had "excellent compliance" with her medications. [Dkt. 10-7, p. 80]. Dr. Wade took the opposite view of her compliance on February 12, 2009, when her described compliance as "poor." [Dkt. 10-7, p. 16]. The "excellent compliance" comment is also contradicted by notes in a Hillcrest Emergency Department record dated August 4, 2008, where medical personnel recorded that Plaintiff said she missed a dose of medication that morning. [Dkt. 10-7, p. 75].

The ALJ recorded that Doctors Russell and Wade both noted Plaintiff's poor medication compliance. [Dkt. 10-2, p. 17; Dkt. 10-7, pp. 15, 16]. In addition, the ALJ stated there was no evidence of any anticonvulsant blood levels in the record. *Id*. To meet Listings 11.02 and 11.03 seizures must be occurring "in spite of three months of prescribed treatment." The court finds that Plaintiff has not borne her burden of demonstrating that the Listing criteria of seizures occurring in spite of treatment has been met. The ALJ's

4

finding about Plaintiff's poor medication compliance is supported by substantial evidence in the record.

Plaintiff is correct that the ALJ did not perform an analysis of Plaintiff's seizure disorder as a mental impairment. Plaintiff argues that because the record demonstrated that her seizure disorder was not epileptic, the ALJ should have utilized the special technique outlined in the regulations for evaluation of mental impairments. When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure, known as the psychiatric review technique (PRT), in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e). Plaintiff argues that the ALJ's failure to perform the PRT requires remand. Plaintiff's argument concerning the application of the PRT does not contain any references to the record that demonstrate the likelihood of a different outcome if the case were remanded for a PRT evaluation. *See generally United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

The court finds no error in the ALJ's failure to evaluate Plaintiff's seizure disorder as a mental impairment. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (10th Cir. 1988)(the mere

diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). The problem of which Plaintiff complained was seizures. Regardless of the cause of Plaintiff's seizures, the ALJ unmistakably considered Plaintiff's seizures and included seizure precautions (avoidance of hazards such as unprotected heights and open machinery) in the RFC.

The court finds that the ALJ performed an appropriate credibility analysis. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted).

The ALJ listed the following reasons for his credibility determination: treating physicians did not place functional restrictions on Plaintiff's activities; her daily activities are consistent with the performance of light work; and on review of the medical record two Agency medical experts determined that Plaintiff could perform work that did not expose her to hazards such as unprotected heights or open machinery. [Dkt. 10-2, p. 17]. Contrary to Plaintiff's argument, the ALJ's observation that Plaintiff's physicians have not placed restrictions on her activities is not meaningless. The Tenth Circuit has recognized

6

that ALJs see a large number of claims and therefore develop expertise in evaluating credibility. As a result, credibility determinations are accorded deference. *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001). The expectation that physicians would impose restrictions on a seizure patient is not unreasonable. Nor is it unreasonable to expect one with a debilitating seizure disorder to be compliant with a prescribed treatment regimen. At the time Plaintiff was receiving treatment it had not been determined that the seizures were non-epiliptiform, yet the record reflects that Plaintiff was not compliant with treatment and missed numerous appointments with her doctor. The court finds that the ALJ's credibility analysis was closely and affirmatively linked to substantial evidence in the record.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 20th day of March, 2012.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE